SNOW JENSEN & REECE
Lewis Reece [5785]
Joshua R. Forest [11128]
Attorneys for Plaintiff
Tonaquint Business Park, Bldg. B
912 West 1600 South, Suite 200
St. George, Utah 84770
Telephone (435) 628-3688
Facsimile (435) 628-3275

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| C&A CONSTRUCTION COMPANY, INC., a Utah corporation,<br><br>      Plaintiff,<br>v.<br><br>DHC DEVELOPMENT, LLC, a Nevada limited liability company, STEVEN P. DANKO, a Nevada resident, and ZIONS FIRST NATIONAL BANK, a national association,<br><br>      Defendants. | **OBJECTION RE: LIMITED APPEARANCE AND PROPOSED PRETRIAL ORDER**<br><br>Civil No.: 2:08-CV-00258<br><br>Judge Jenkins |

  Defendants, DHC Development, LLC, and Steven P. Danko, by and through counsel, respectfully object to the Limited Appearance of Counsel and Plaintiff's Proposed Pretrial Order for the following reasons:

  POINT 1:   C&A has had ample time to locate counsel to enter a full appearance in this case, and the limited appearance presently filed is inappropriate and contrary to this Court's Order.   Plaintiff's last counsel, Tyler Young, filed his motion to withdraw as counsel on July 22, 2009.  See Docket # 82.  Since that time and until the court signed the order allowing Mr. Young

to withdraw on October 21, 2009, at every appearance before this court, and there have been several, Mr. Young made it clear he was staying in this case only to accommodate the court's discovery efforts. C&A has been on notice from at least July 22, 2009, that it needed to obtain new counsel in this case. At the hearing on October 1, 2009, Mr. Young was allowed to withdraw but not until October 15, 2009, so that C&A's new attorney would be aware of the court's schedule and the upcoming pretrial conference. See Transcript, Docket #105, page 44, lines 15-19. The principals of C&A were present in court during all these hearings from July 22, 2009, through and including the hearing on October 1, 2009. C&A has had from July 22, 2009, to the present date to locate an attorney who will enter a full appearance in this case so a trial can be scheduled.

In addition, this court, sua sponte, filed an order giving C&A additional time, stating: "[d]esignated counsel shall make a formal appearance no later than November 13, 2009." See Docket # 104. Nothing in the court's order suggests that a limited appearance is acceptable. To this day, C&A does not have an attorney in this case who has entered an appearance for trial.

POINT 2: Plaintiff's Proposed Pretrial Order is contrary to the express orders of this Court requiring that the Pretrial Order be stipulated and requiring that all exhibits, witnesses and issues be separately identified and listed. At the October 1, 2009 hearing, the court sua sponte modified the existing scheduling order and cut off discovery on November 1, 2009. See Docket # 59, Amended Scheduling Order, ¶ 3; compare Docket # 100, ¶ 3. Notwithstanding, both orders of the court require that all parties agree to a form of Pretrial Order, that all exhibits be identified and listed, that all witnesses be identified and listed, and that all issues from both sides be identified even if the parties agree to disagree on certain issues or facts. See Docket # 59,

Amended Scheduling Order, ¶ 4b; see also Docket # 100, ¶5.  Plaintiff's counsel, understandably, is scrambling to put together a pretrial order and save C&A from its inattentiveness to the Court's previous orders.   Yet, the proposed pretrial order Plaintiff's submitted was submitted to this court without any input from DHC's counsel.  Counsel entered his limited appearance late yesterday afternoon.  The proposed pretrial over was sent via e mail to DHC's counsel at 6:03 p.m., after DHC's counsel had gone home.  The proposed pretrial order was submitted to this court later that evening at 6:42 p.m.  DHC Development and Steve Danko respectfully object to the Proposed Pretrial Order because the exhibits are not identified, all witnesses are not identified, all issues are not identified, and DHC and Steve Danko have not agreed to the form of the proposed order. The Proposed Pretrial Order is simply contrary to this Court's express directions.

    POINT 3:  C&A has failed to produce the information ordered by this Court in its October 21, 2009 Order.  Docket # 100.  C&A has not produced any information responsive to the October 21, 2009 Order.  C&A has not so much as addressed the order.  That Order requires C&A to "break down and show what invoices and charges add up to its claim for $502,809.74 . . . . C&A shall further provide dates for all work done or services provided in connection with the $502,809.74 claim."  A similar order applies to the change orders C&A is seeking to recover and the money C&A is claiming on behalf of third parties.   Not only is this evidence relevant as foundation for any claim C&A may make, but Defendants believe most if not all the claims are for work done before December 10, 2007.  As the Court recalls, it ruled that C&A unconditionally waived and released all claims prior to December 10, 2007.  See Order and Declaratory Judgment, Docket # 78.  Consequently, any work performed before December 10,

2007, in connection with these claims is barred. Defendants cannot present and identify this evidence in a pretrial order or file any dispositive motion on this evidence until Plaintiff produces the same.

POINT 4:   DHC has paid $538,000 to remove all liens filed by parties whom C&A should have paid. Much of this work was the work subs and suppliers performed <u>after</u> December 10, 2007. DHC paid for that work via the lien releases. Consequently, C&A has no claim for those funds. Rather, C&A owes DHC for having to pay twice for this work. Further, C&A has unconditionally waived all claims for work <u>before</u> December 10, 2007. C&A is simply not owed money. C&A owes DHC for the money that should have been paid to these lien claimants which DHC had to pay, plus money for defective work and liquidated damages.

POINT 5:   C&A's remaining alleged mechanic's lien claim is based upon C&A's draw request, Draws 14 and 15. DHC has paid $538,290 to settle 23 separate subcontractor and supplier liens which includes all work associated with Draws 14 and 15. DHC has provided C&A and the court copies of the releases associated with the lien settlements. Further, DHC paid C&A while on site $110,918 in joint payable checks against Draw 14, which C&A acknowledged receiving, bringing the total payments made by DHC to $649,208 ($538,290 + $110,918). The total payment requests for Draws 14 ($442,921) and 15 ($145,655) equal

/

/

/

/

$588,576.  DHC has already paid for this work.  No reason exists to keep the bond money in place.  DHC respectfully requests that this court order the bond be released back to DHC.

DATED this 19th day of November, 2009.

                                      SNOW JENSEN & REECE

                                      /s/ Lewis P. Reece
                                      Lewis P. Reece, Esq.
                                      Joshua R. Forest, Esq.
                                      Counsel for DHC Development, Inc., and
                                      Steven P. Danko

Objection re: Limited Appearance and Proposed Pretrial Order
C&A v. DHC
Page 5 of 6

CERTIFICATE OF DELIVERY

I hereby certify that on the 19th day of November 2009, I caused a true and correct copy of the foregoing OBJECTION RE: LIMITED APPEARANCE AND PROPOSED PRETRIAL ORDER to be electronically filed and sent via e mail to the following and to be sent first class, postage prepaid, to the following:

| | |
|---|---|
| [  ] FEDERAL EXPRESS | Steven R. Sumsion |
| [  ] U.S. MAIL | Spencer MacDonald |
| [  ] HAND DELIVERY | Daniel M. Woods |
| [  ] FAX | SUMSION MACDONALD, LLC |
| [  ] TRANSMISSION | Wells Fargo Center |
| [X] E-FILING | 86 North University Ave., Suite 400 |
| [  ] E-MAIL | Provo, UT  84601 |
| | steve@businesslawutah.com |
| | spencer@businesslawutah.com |
| | Daniel@businesslawutah.com |
| | |
| [  ] FEDERAL EXPRESS | David M. McGrath, Esq. |
| [  ] U.S. MAIL | Angelina Tsu, Esq. |
| [  ] HAND DELIVERY | Zions First National Bank |
| [  ] FAX | P.O. Box 30709 |
| [  ] TRANSMISSION | Salt Lake City, UT 84130-0709 |
| [x] E-FILING | david.mcgrath@zionsbancorp.com |
| [  ] E-MAIL | |
| | |
| [  ] FEDERAL EXPRESS | PJHM UTAH COMPANY |
| [X] U.S. MAIL | Attn. Lynn Edward Elliott |
| [  ] HAND DELIVERY | 3366 Hidden Hills Rd. |
| [  ] FAX | Cedar City, UT 84720 |
| [  ] TRANSMISSION | |
| [  ] E-FILING | |
| [  ] E-MAIL | |

/s/ Lewis P. Reece
Lewis P. Reece