STEVEN R. SUMSION (#8317)
SPENCER MACDONALD (#10243)
DANIEL M. WOODS (#12719)
**SUMSION MACDONALD, LLC**
86 North University Ave., Suite 400
Provo, Utah 84601
Tel: (801) 375-2830
Fax: (801) 375-2835
Email: steve@busineslawutah.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| C&A CONSTRUCTION COMPANY, INC, a Utah Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DHC DEVELOPMENT, LLC, a Nevada Limited Liability Company, STEVEN P. DANKO, a Nevada resident, and ZIONS FIRST NATIONAL BANK, a national association,<br><br>Defendants. | **RESPONSE TO OBJECTION RE: LIMITED APPEARANCE AND PROPOSED PRETRIAL ORDER**<br><br>Case Number: 2:08CV00258<br><br>Judge: Jenkins |

Plaintiff C&A Construction, Inc., by and through counsel, hereby responds to each of Defendants enumerated points in its Object Re: Limited Appearance and Proposed Pretrial Order as follows:

**RESPONSE TO DEFENDANTS' OBJECTIONS**

I.   RESPONSE TO POINT 1:

Defendants argue that a limited appearance of Plaintiff's counsel is "inappropriate and contrary to this Court's Order." Defendants' Objection at 1. However, nowhere in the Court's

1

Order dated November 2, 2009, is there language identifying or limiting the type of appearance that counsel is required to make. The limited appearance of Plaintiff's counsel on November 18, 2009 does not violate the November 2, 2009 Order. As counsel was recently retained, time is needed to assess the case before making a full appearance, which is anticipated within the next week.

Defendants argue that the Plaintiff violated the November 2, 2009 Order by not retaining counsel by November 13, 2009. Plaintiff was not aware and did not receive notice of the Court's November 2, 2009 Order until November 17, 2009. Nonetheless, the Plaintiff attempted to retain Sumsion Macdonald as counsel prior to November 13, but because the owner of the firm, Steven R. Sumsion, was out of the country from November 6 to November 15, arrangements regarding the firm's representation of the Plaintiff were not made until November 18. The Plaintiff therefore requests that the Court recognize its current representation and allow this case to proceed to a prompt resolution on the merits.

II.     RESPONSE TO POINT 2:

Defendants point out that the Proposed Pretrial Order is not stipulated and that Defendants did not have an opportunity to comment on the Proposed Order. Defendants opposition, however, is not responsive to the Court's effort to establish a timetable for resolving this matter. For instance, Defendants have not taken any depositions in this case. In particular, the deposition of Brian Tolley, who supervised the construction of the relevant project and who has the most knowledge concerning the change orders, progress payments and completion percentages, and who also signed the lien waiver and release dated December 10, 2007 (the

"Lien Waiver"), has yet to be taken. Also, Defendants have not designated any expert with respect to alleged defects. Accordingly, the Defendants should be required to respond substantively to the Plaintiff's proposed order.

III. RESPONSE TO POINT 3:

The documentation Ordered by the Court and any other documentation or explanations substantially responding to the Court's Order can be provided and will be provided as current counsel completes its preparations for trial.

IV. RESPONSE TO POINT 4:

Defendants argue that "C&A is simply not owed money." Defendants' Objection at 4. Defendants' statement is inaccurate and attempts to establish by mere assertion what Defendants hope to prove at trial. This assertion does not take into account the change directives by Danko nor does it demonstrate an awareness of the effect of Danko's failure to pay C&A for change orders that Danko had personally requested and/or insisted upon. Defendants also fail to consider the course of dealings between the parties in the use of and role of lien waivers. In addition, because the Plaintiff was entitled to various offsets against the amounts that its subcontractors claimed pursuant to their liens, the Defendants, by paying the subcontractors' lien claims in full, overpaid the subcontractors. C&A should not be made to suffer because of such overpayments. *See* Memorandum in Support of Plaintiff's Rule 54(b) Motion.

V. RESPONSE TO POINT 5:

The Plaintiff's remaining mechanic's lien is NOT based exclusively upon C&A Construction's draw requests 14 and 15. Moreover, the Defendants, as noted above, overpaid

those subcontractors which it elected to pay directly.  Thus, while the Defendants may have paid certain subcontractors for work done in connection with the Project, the Defendants have not satisfied their obligations to the Plaintiff and the Defendants' bond should not now be released.

DATED this the 20 day of November 2009.

SUMSION MACDONALD, LLC

 /s/ Daniel M. Woods
Steven R. Sumsion
Spencer Macdonald
Daniel M. Woods
Attorneys for Plaintiff
